UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HECTOR O. SANTOS, on behalf of himself, individually, and all others similarly-situated,

                           Plaintiff,

          -v-

YELLOWSTONE PROPERTIES, INC., and ARTHUR GREEN, ORLANDO FRANCO, ANDY PACHECO, and EDGAR ROMAN, all in their individual and professional capacities,

                           Defendants.

------------------------------------------------------------------X

15 Civ. 3986 (PAE)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/10/16

PAUL A. ENGELMAYER, District Judge:

On February 9, 2016, the parties submitted to the Court an application for approval of a proposed settlement agreement and dismissal plaintiffs' claims under the Fair Labor Standards Act ("FLSA") with prejudice. Dkt. 26. The application contained a joint motion, *id.* ("Motion"), and the proposed agreements for plaintiff Hector O. Santos, *id.*, Ex. A ("Santos Agreement"), and opt-in plaintiff Raul Hernandez, *id.*, Ex. B ("Hernandez Agreement"; collectively "FLSA Settlement Agreements"). On April 21, 2016, the Court directed plaintiff's counsel to submit documentation demonstrating the reasonableness of plaintiff's requested attorneys' fees. Dkt. 28. On April 26, 2016, plaintiff's counsel submitted a letter, along with contemporaneous time records for the hours worked by plaintiff's counsel in this matter. Dkt. 29 ("Fees Letter").

For the reasons that follow, the Court approves the FLSA Settlement Agreements.

**I.**     **Background**

Between November 7, 2013 and September 11, 2014, Santos worked as a superintendent of the building located at 751 Walton Avenue, Bronx, New York 10451 ("Building"), which was

managed by Yellowstone Properties, Inc. Dkt. 20 ¶¶ 2, 21, 24 ("Am. Compl."). On May 26, 2015, Santos brought this action. On October 8, 2015, Hernandez opted in to the collective action. Dkt. 22. Hernandez is a former handyman at defendants' residential buildings. Motion ¶ 1. Santos and Hernandez brought claims for unpaid minimum wage and overtime against defendants under the FLSA and New York Labor Law ("NYLL"). *Id.* Santos also brought claims of gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the New York City Human Rights Law ("NYCHRL"). Motion ¶ 1 & n.2.

Under the Santos Agreement, defendants are to pay Santos a sum of $15,000 within two weeks of the Court's dismissal of the case. Santos Agreement ¶ 2. Of the total settlement amount, Santos is to retain $10,000, and his counsel is to receive $5,000. *Id.* Under the Hernandez Agreement, defendants are to pay Hernandez a sum of $630 within two weeks of the Court's dismissal of the case. Hernandez Agreement ¶ 2. Of the total settlement amount, Hernandez is to retain $420, and his counsel is to receive $210. *Id.*

In exchange, under the FLSA Settlement Agreements, both Santos and Hernandez will release defendants from all "any and all claims related to the payment of wages under [FLSA, NYLL], any other statute related to the payment of wages, and their accompanying regulations and case law, known or unknown, which Santos now has or claims to have against any of the [defendants]." FLSA Settlement Agreements ¶ 3. The FLSA Settlement Agreements do not contain a confidentiality or non-disparagement provision. Motion ¶ 20.[1]

---

[1] Santos and defendants have indicated that they are resolving Santos's discrimination claims by private agreement. They represent that the private agreement contains a general release and a confidentiality provision, but "does not contain any type of clause that would prevent Santos from discussing the settlement of his FLSA and NYLL claims." Motion ¶ 1 n.3.

2

## II.     Discussion

### A.     Approval of Settlement Agreement

Under the FLSA, any employer that violates the requirement to pay minimum or overtime wages "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Rather, the parties must satisfy the Court that their agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15 Civ. 3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

Factors that weigh against settlement approval "include the following: (1) 'the presence of other employees situated similarly to the claimant'; (2) 'a likelihood that the claimant's circumstance will recur'; (3) 'a history of FLSA non-compliance by the same employer or others in the same industry or geographic region'; and (4) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the

law either in general or in an industry or in a workplace.'" *Id.* (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244 (M.D. Fla. 2010)).

Having considered the relevant factors, the Court finds they support approval of the FLSA Settlement Agreements.

First, the settlement amounts constitute a substantial proportion or all of the total possible amount that plaintiffs could recover if they were successful at trial. For Santos, the $15,000 settlement amount constitutes 81.8% of the total possible amount that Santos could recover were he successful at trial ($18,331.88, including liquidated damages). *See* Motion ¶ 12. And the $10,000 Santos would retain is still a substantial proportion of the total possible recovery (54.5%). For Hernandez, the $630 settlement amount is 100% of the total possible amount that Hernandez could recover were he successful at trial. *Id.* ¶ 13.[2]

Second, the settlement allows the parties to avoid the need for additional litigation expense. The parties have already completed paper discovery, and the settlement allows them to avoid the costs of depositions, further motion practice, and potentially trial. *See id.* ¶¶ 3–4.

Third, both plaintiffs faced litigation risks if they pursued their claims at trial. The defendants dispute Santos's claims to have routinely worked over 40 hours per week, and to have not been not paid required overtime wages. *Id.* ¶¶ 10–11. And, the parties represent, the documents produced in discovery suggest that Santos did not work "nearly as much as he initially remembered"; to the extent the paper record does not support Santos or has gaps, resolution of Santos's claims at trial would require the finder of fact to credit Santos's testimony. *Id.* ¶¶ 12, 16. Similarly, defendants dispute Hernandez's claim to have worked hours in excess

---

[2] Hernandez alleges that he worked one hour beyond his normal schedule on seven occasions for which he was not compensated, and that he should have been paid an overtime wage of $30 per hour for those hours worked.

4

of 40 hours per week that he claims he worked. His claims, too, would have largely turned on his credibility at trial. *Id.* ¶ 13, 16.

As to the fourth and fifth factors, there are no signs of fraud or collusion, and the settlement here was the product of arms'-length bargaining by experienced counsel. Both plaintiffs and defendants are represented by attorneys experienced in wage-and-hour litigation, and the settlement was reached after paper discovery had been completed with the help of an experienced employment law mediator provided by the S.D.N.Y. mediation office. *Id.* ¶¶ 3–5, 17; Dkt. 19 (mediation referral order); *see Hernandez v. Anjost Corp.*, No. 11 Civ. 1531 (AT), 2013 WL 4145952, at *2 (S.D.N.Y. Aug. 14, 2013) ("The assistance of an experienced mediator . . . reinforces that the Settlement Agreement is non-collusive.").

Additionally, none of the factors that weigh against settlement approval appear to be present. First, the Court is not aware of other employees in the same position as Santos or Herndandez. As the sole plaintiffs, they alone will be affected by dismissal. *See Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15 Civ. 112 (PAE), 2015 WL 7736551, at *2 (S.D.N.Y. Nov. 30, 2015). (fact that "no other employee ha[d] come forward" supported settlement approval). Second, because the plaintiffs no longer work for defendants, the Court has little concern that defendants used improper leverage to secure the settlement. *See Cisneros v. Schnipper Rest. LLC*, No. 13 Civ. 6266 (JMF), 2014 WL 67235, at *1 (S.D.N.Y. Jan. 8, 2014) (concerns about coercion "not as relevant when the plaintiffs no longer work for the defendant"). Third, the Court is not aware of any past FLSA non-compliance by defendants. Fourth, Santos's complaint does not appear to raise novel factual or legal issues that would further the development of law in this area.

Finally, other considerations that courts weigh in deciding whether to approve an FLSA settlement support approval here. The FLSA Settlement Agreements contain releases that are narrowly-tailored to plaintiffs' wage-and-hour claims. FLSA Settlement Agreements ¶ 3; *see Martinez v. Gulluoglu LLC*, No. 15 CIV. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) ("Courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). While Santos's private agreement with defendants resolving his discrimination claims (which does not require this Court's approval) does contain a general release, that release is appropriate in the context of a separate resolution of non-wage-and-hour claims. In addition, the FLSA Settlement agreements do not contain confidentiality provisions that would undermine the broad remedial purposes of the FLSA, and Santos is not precluded, under his private agreement, from discussing the settlement of his FLSA and NYLL claims. Motion ¶ 1 n.3; *see Lopez*, 96 F. Supp. 3d at 177–81 (discussing why confidentiality provisions are in tension with the remedial purposes of the FLSA).

Therefore, having considered the totality of the circumstances, the Court finds the FLSA Settlement Agreements fair and reasonable.

### B.    Approval of Attorneys' Fees

Both the FLSA and the NYLL are fee-shifting statutes that entitle plaintiffs to recover reasonable attorneys' fees and costs incurred successfully prosecuting wage-and-hour actions. *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012); *see* 29 U.S.C. § 216(b) ("The court in [an FLSA] action shall . . . allow a reasonable attorney's fee to be paid by the defendant[s], and costs of the action."); N.Y. Lab. Law § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee [under the NYLL] in which the employee prevails,

the court shall allow such employee to recover . . . all reasonable attorney's fees."). "Where plaintiffs obtain a favorable settlement in an action brought pursuant to the FLSA, they constitute prevailing parties and are entitled to attorney's fees." *Andrews v. City of New York*, No. 10 Civ. 2426 (SHS), 2015 WL 4622489, at *2 (S.D.N.Y. Aug. 3, 2015); *see also Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) ("[T]he fact that [plaintiffs] prevailed through a settlement rather than through litigation does not weaken [plaintiffs'] claim to fees." (quoting *Maher v. Gagne*, 448 U.S. 122, 129 (1980))).

Here, the FLSA Settlement Agreements allocate $5,210, or one-third of the total settlement amount of $15,630, to Borrelli & Associates, P.L.L.C. ("Borrelli & Assoc."), which represents Santos and Hernandez in this matter. FLSA Settlement Agreements ¶ 2.1. This one-third-of-settlement sum is consistent with "contingency fees that are commonly accepted in the Second Circuit in FLSA cases." *Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015). Regardless, the Court must independently ascertain the reasonableness of the requested fees. *See Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015); *Penafiel*, 2015 WL 7736551, at *2 (citing 29 U.S.C. § 216(b) (allowing "a *reasonable* attorney's fee") (emphasis in *Penafiel*)).

The starting point for determining the presumptively reasonable fee award is the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State Street Bank & Trust Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)) (internal quotation marks omitted). As to the reasonable hourly rate, the Court's analysis is guided by the market rate "prevailing in the

community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community is this District. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190–91 (2d Cir. 2008).

Plaintiffs' counsel has provided contemporaneous time records that document the work performed by members of Borrelli & Assoc. in connection with this matter. Dkt. 29, Ex. A ("Time Records"). Plaintiffs' counsel calculates that its lodestar in connection with this matter is $42,550.75, reflecting a total of 203.4 hours expended—22.2 of which were expended by paralegals. *See* Fees Letter; Time Records.

Plaintiffs' counsel calculated the lodestar using the following billing rates:

- Michael Borrelli, 14 years' experience—$400 per hour as named partner;
- Alexander Coleman, eight years' experience—$350 per hour while a partner, $325 per hour while senior counsel;[3]
- Vivian Walton, 12 years' experience—$250 per hour;
- Taylor Ferris—$125 per hour as a law clerk (pre-admission to the bar); $200 per hour as an associate;[4]
- Paralegals (bilingual)—$75 or $90 per hour depending on experience.[5]

---

[3] The Court notes that two hours of Coleman's time was billed at one-half his ordinary rate as senior counsel, at $162.50 per hour.

[4] The Court notes that three and a half hours of Ferris's time was billed at one-half her ordinary rate as a law clerk, at $62.50 per hour.

[5] The Court notes that plaintiffs' counsel inadvertently calculated fees for two of its paralegals at the rate of $125 per hour, which plaintiffs' counsel represents is the rate it charges paying clients for all non-attorney staff. Correcting this error has the effect of reducing the lodestar by $14.

Courts in this District, and the neighboring Eastern District of New York, have approved these rates for Borrelli & Assoc., including for Borrelli and Coleman specifically, *see* Fees Letter at 2 (collecting cases).

In addition, having reviewed the Time Records, the Court finds that they reflect sound billing practices: They are sufficiently thorough, detailed, relevant, and easy to understand, and do not reveal much, if any, duplication of effort. To be sure, the records reflect more time expended than might be expected of an ordinary FLSA case involving only two plaintiffs. *Cf. Jimenez v. KLB Foods, Inc.*, No. 12 Civ. 6796 (JPO), 2015 WL 3947273, at *3 (S.D.N.Y. June 29, 2015) (155.6 hours expended on "straightforward" FLSA case involving "a small number of depositions, relatively minor motion practice, and a brief trial"). Here, however, Santos's allegations also involved discrimination claims, and plaintiffs' counsel expended significant time in preparation for, and participation in, mediation and follow-on efforts to finalize the settlement reached. *See* Time Records (entries dated Dec. 4, 2015 to April 26, 2016).

On the whole, the fees requested amount to a mere 12.2% of the proffered lodestar, and the Court does not find that adjustments to the calculations, if any, would so dramatically reduce the lodestar so as to make the requested fee award unreasonable. And as noted above, $5,210 represents one-third of the total settlement award—a proportion that is routinely approved by courts, especially where, as here, it comports with the lodestar amount. *See, e.g., Caprile v. Harabel Inc.*, No. 14 Civ. 6386 (MHD), 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (approving payment of one-third of settlement amount to plaintiffs' counsel where that amount was "considerably less than the lodestar and consistent with the reasonable needs of the lawsuit"); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the

settlement amount in FLSA cases.") (collecting cases); *Spicer v. Pier Sixty LLC*, No. 08 Civ. 10240 (PAE), 2012 WL 4364503, at *4 (S.D.N.Y. Sept. 14, 2012) (awarding plaintiffs' counsel one-third of the net settlement amount); *deMunecas v. Bold Food, LLC*, No. 09 Civ. 440 (DAB), 2010 WL 3322580, at *9 (S.D.N.Y. Aug. 23, 2010) (collecting cases awarding plaintiffs' counsel 33% of settlement fund in FLSA actions). The Court, therefore, finds the FLSA Settlement Agreements' provisions for attorneys' fees fair and reasonable.

## CONCLUSION

For the foregoing reasons, the Court approves the FLSA Settlement Agreements, pursuant to which Santos is to recover $10,000, Hernandez is to recover $420, and their counsel is to receive $5,210. This action is hereby dismissed with prejudice, and the Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 10, 2016
New York, New York